Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RUSSELL FISCHER,

    *Plaintiff,*

v.

SUMMIT NJ POLICE DEPARTMENT, KEITH KWIATEK, and SARGEANT FRANK,

    *Defendants.*

Civil Action No. 18-4419

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff seeks to bring these this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim.

    Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for

failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

Here, Plaintiff alleges violations of 42 U.S.C. §1983, a federal statute; thus the Court has federal subject matter jurisdiction over his claims. 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). In order to state a valid claim for relief under § 1983, a plaintiff must first allege a violation of a right secured by the Constitution or laws of the United States and, second, a plaintiff must contend that the violation was caused or committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that on the morning of March 24, 2016, he was brought to the Overlook Hospital in Summit, New Jersey. D.E. 1, hereinafter "Complaint" or "Compl." at 4. After he was released, he returned and was told by Defendant Frank to "get my sh-t together and get out of the hospital." *Id.* Plaintiff further alleges that various police officers and security guards threatened him "with physical harm." *Id.* Plaintiff then states he was "taken to the police station and charged with bogus charges claiming actions not possible," and that the security guards and police "made the hospital security tapes disappear and are suppressing" evidence. *Id.* It is not clear what that evidence is. Plaintiff is requesting $10 million in damages. D.E. 1 at 1.

Even construed liberally, the Court cannot determine any viable causes of action in the Complaint. While Plaintiff does cite to 42 U.S.C. § 1983, he does not allege any violation of a specific constitutional right. He merely states that Defendants denied him his "rights to receive medical care," and that they falsely accused him of committing a crime. Compl. at 5. Plaintiff

3

does not specify what crime he was accused of or whether he was convicted of the offense. Plaintiff may be claiming that he suffered a false arrest, in other words, one that was not supported by probable cause. But without knowing the offense, the outcome of the case, and, most significantly, why law enforcement lacked probable cause, the Court is unable to know with any reasonable certainty. Therefore, Plaintiff has failed to plausibly plead a cause of action, and his Complaint is dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile primarily because the Court cannot determine Plaintiff's claims. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[1] that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the complaint.

Accordingly, and for good cause shown,

**IT IS** on this 2nd day of April, 2018,

---

[1] If Plaintiff does file an amended complaint which the Court finds sufficient, Defendants are not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to file an amended complaint within thirty (30) days from entry of this Order. If Plaintiff fails to file an Amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss the Complaint with prejudice; and it is further

**ORDERED** that the Clerk of the Court mail a copy of the Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.