**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RUSSELL FISCHER,

    *Plaintiff*,

v.

JOSEPH RIMBACK, JR., SERGEANT PETER FRANK, P.O. DILLY, and JOHN DOES 1-5,

    *Defendants*.

Civil Action No. 18-4419 (JMV) (MF)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Russell Fischer ("Plaintiff") filed an initial Complaint on March 27, 2018. D.E. 1. On April 2, 2018, the Court granted Plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915, but dismissed the Complaint without prejudice for failure to state a claim upon which relief can be granted. D.E. 2. On May 2, 2018, Plaintiff requested a thirty-day extension to file the Amended Complaint, which the Court granted. D.E. 5, 6. Plaintiff then requested an additional two-week extension on May 29, 2018, and requested the appointment of *pro bono* counsel. D.E. 7. The Court granted the extension but denied the request for *pro bono* counsel. D.E. 9. Plaintiff filed a third request for an extension on June 15, 2018, which the Court also granted. D.E. 15. On June 20, 2018, a lawyer who had not been hired to represent Plaintiff filed a letter on the docket asking for another extension of time in which to file the Amended Complaint, which was denied. D.E. 16, 17. Plaintiff then filed a letter requesting that the undersigned recuse himself from this case, which was also denied. D.E. 18, 19. On July 23, 2018, Plaintiff filed his First Amended Complaint ("FAC"). D.E. 20.

On August 22, 2018, the Court received a voicemail from Plaintiff, indicating that he believed that he needed to file a Second Amended Complaint. Plaintiff explained that he called due to exigent circumstances, and he also provided legal and factual reasons for his request to file a Second Amended Complaint. The Court granted Plaintiff's request and gave Plaintiff until September 21, 2018 to file a Second Amended Complaint. D.E. 22.[1] Plaintiff never filed a Second Amended Complaint, so pursuant to the August 22, 2018 Order, D.E. 22, the Court will proceed with its screening of the FAC, D.E. 20.

The FAC alleges that several police officers and a security guard violated Plaintiff's civil rights by assaulting him while he sought medical care at Overlook Hospital in Summit, New Jersey. Plaintiff has also submitted a number of photographs of his alleged injuries, D.E. 10, which the Court ordered sealed, D.E. 11, as well as a request for the appointment of pro bono counsel, D.E. 7, which the Court denied. D.E. 9.

Because Plaintiff is still proceeding *in forma pauperis*, the Court screens the FAC pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Counts II and IV are dismissed.

## I. Facts & Procedural History[2]

Plaintiff is a HIV positive gay man. FAC at ¶ 1. Defendants "Sgt." Pete Frank and "P.O." Dilly are Summit police officers; Defendant Joseph Rimback, Jr. ("Rimback") is a security guard at Overlook Hospital. *Id.*

---

[1] The Court also indicated that it would not consider any further requests from Plaintiff that were conveyed via voicemail or telephone. D.E. 22.

[2] The factual background is taken from the FAC, D.E. 20. For the purposes of this screening pursuant to 28 U.S.C. § 1915(e)(2)(B) "the Court accepts as true all well-pleaded facts in the complaint." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

Plaintiff was admitted to Overlook Hospital in Summit, New Jersey on March 22, 2016 for a severe illness involving a high fever and painful sores. *Id.* at ¶ 2. Two days later, on March 24, 2016, he was discharged. *Id.* at ¶ 3. After he was discharged, he called the hospital to ask for pain medication. *Id.* A nurse asked Plaintiff to return to the hospital so that she could give him the pain medication. *Id.* at ¶ 4. When Plaintiff returned to the hospital, however, he was told to leave and that he would not receive any medication. *Id.* When Plaintiff attempted to ask again for the pain medication, Defendants Frank and Dilly approached Plaintiff, told him to leave, and made homophobic remarks to Plaintiff. *Id.* Frank then "grabbed [Plaintiff] by the shoulders and threw him up face first against a wall, breaking his nose and a tooth." *Id.*

After he was escorted out of the hospital, Plaintiff returned a second time to use the bathroom. *Id.* at ¶ 5. While in the cafeteria, Defendant Rimback "sucker punched" Plaintiff in the back of the head and put him in a chokehold. *Id.* While Plaintiff was on the ground, he was hit and kicked by Defendant Dilly and "three or four" other people, whom he believes were police officers. *Id.* Plaintiff continued to be beaten while handcuffed on the ground. *Id.* Plaintiff alleges he was taken to jail because Officer Keith Kwiatek[3] ("Kwiatek"), a police officer, filed a false criminal complaint against Plaintiff for biting Rimback, exposing Rimback to HIV. *Id.* at ¶¶ 6-7.

The FAC lists four Counts; Counts I-III are for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 against Defendant Frank (Count I); Defendant Rimback (Count II); and Defendant Dilly and John Does 1-5 (Count III). *Id.* at ¶¶ 8-10. Count IV also raises a "civil rights" violation (apparently pursuant to Section 1983) against Defendant Rimback for making a false report to the police. *Id.* ¶ 11.

---

[3] The FAC calls Kwiatek, "Defendant Officer Keith Kwiatek." FAC ¶ 5. Kwiatek, however, is not named as a defendant in the caption of the FAC.

## II. Standard of Review

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

## III. Analysis

### a. Counts I, II, & III – Section 1983

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

4

>to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). In order to state a valid claim for relief under § 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Plaintiff's Section 1983 claim is based on the use of excessive force under the Fourth Amendment as incorporated to the states through the Fourteenth Amendment. "The Fourth Amendment, which protects persons from 'unreasonable searches and seizures' prohibits false arrest, false imprisonment, illegal search and seizure, and the use of excessive force.'" *Roman v. City of Newark*, 2017 WL 436251, at *3 (D.N.J. Jan. 31, 2017) (quoting U.S. Const. amend. IV). Reasonableness under the Fourth Amendment "depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 618 (1988) (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985)). "Thus, the permissibility of a particular practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Id.* at 619 (quotation marks and citation omitted).

"The use of excessive force is itself an unlawful 'seizure' under the Fourth Amendment." *Couden v. Duffy*, 446 F. 3d 483, 496 (3d Cir. 2006). In assessing the validity of an excessive force claim, a court must determine the objective reasonableness of the alleged conduct. *Id.* A court should pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the

officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (quoting *Graham*, 490 U.S. at 396). Courts may also consider the following:

> [T]he possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.

*Kopec v. Tate*, 361 F.3d 772, 777 (3d Cir. 2004).

When more than one officer is sued on an excessive force claim, the district court must evaluate each officer's liability separately. *See Kaucher v. Cty. of Bucks*, 455 F.3d 418, 421 & n.7 (3d Cir. 2006) ("In order to prevail on a [Section] 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." (emphasis added) (quoting *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005)).

### Count I – Defendant Frank

Defendant Frank is alleged to have thrown Plaintiff against a wall, breaking his nose and tooth. According to the FAC, Frank did so without provocation after Dilly made homophobic statements to Plaintiff. FAC ¶ 4. Plaintiff was escorted out of the hospital and then returned to use the bathroom, even though he had already been told to leave multiple times. *Id.* Plaintiff then asserts that "without the slightest provocation" he was punched in the head from behind. *Id.* ¶ 5. Given the alleged severity of the assault and the allegation that it was done without provocation, the FAC plausibly pleads a claim of excessive force under Count I.

### Count II – Defendant Rimback

Plaintiff alleges that Defendant Rimback sucker punched Plaintiff in the back of the head and placed Plaintiff in a chokehold. However, Count II against Rimback does not plausibly plead

6

that Rimback was a state official or state employee. Instead, Rimback is alleged to have been a security guard at the hospital. *See* FAC ¶ 1. A private person may be considered a state actor in the following circumstances:

> First, where there is a sufficiently close nexus between the state and the challenged action of the [private] entity so that the action of the latter may fairly be treated as that of the state itself. [close nexus test]. Second, where the state has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity. [symbiotic relationship test]. Third, where a private party is a willful participant in joint action with the State or its agents. [joint action test]. Fourth, where the private party has been delegated…a power traditionally exclusively reserved to the State. [public function test].

*Vazquez v. City of Atl. City*, 2014 WL 2920820, at *4 (D.N.J. June 27, 2014) (quoting *Pugh v. Downs*, 641 F.Supp.2d 468, 472 (E.D. Pa. 2009)) (internal quotation marks omitted).

Plaintiff has not plausibly alleged facts that would place Rimback within any of the four designated areas. The Court therefore dismisses Count II against Defendant Rimback without prejudice.

### Count III – Defendants Dilly and John Does 1-5

Defendant Dilly and the other unnamed officers (John Does 1-5) are alleged to have beaten Plaintiff while he was on the ground – hitting and kicking him in the head, ribs, and groin. FAC ¶ 5. Plaintiff also mentions that "the assault" occurred while he was handcuffed "face down on the floor" lasting "for what seemed like 15 minutes." *Id.* Like Count I, the FAC plausibly pleads a claim of excessive force under Section 1983.

### Count IV – False Report

Count IV is deficient because it alleges that Defendant Rimback made a false report to the police that Plaintiff bit him (Rimback). As noted above, Plaintiff has not sufficiently alleged that Rimback was as state actor for Section 1983 purposes. In addition, it is not clear to the Court

7

which constitutional right was allegedly violated. A correct police report is not a constitutional right. *Jarrett v. Bensalem,* 312 Fed. Appx. 505, 507 ("[T]he mere existence of an allegedly inaccurate police report fails to implicate constitutional rights."). *See, e.g., Stora v. Brady,* 2014 WL 2155368, at *4 (D.N.J. May 22, 2014); *Whitfield v. Selzam,* 2013 WL 2950604, at *4 (D.N.J. June 14, 2013). Instead, plaintiff must assert "some evidence of [a] separate deprivation of a constitutional right as a result of the false statement." *Id.* (citing *Bush v. City of Philadelphia,* 1999 WL 554585 (E.D. Pa. July 16, 1999).

Count IV must be dismissed without prejudice. Additionally, as mentioned above, it is not clear from the FAC who filed the allegedly false report, and thus, who the appropriate Defendant is for this count.

## IV. Conclusion

When granting a motion to dismiss pursuant to Rule 12(b)(6), a court must decide whether the dismissal will be with prejudice or without prejudice. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 110-11 (3d Cir. 2002). A district court may deny leave to amend if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.,* 739 F.2d 858, 864 (3d Cir. 1984). It is not clear to the Court whether Plaintiff will be able to plausibly allege that Rimback was a state actor for Section 1983 purposes. However, the Court will permit Plaintiff one additional opportunity to amend his complaint and address this issue.

For the reasons stated above, Counts I and III are plausibly pled. Counts II and IV are not plausibly pled, and they are dismissed without prejudice. Plaintiff has thirty (30) days to file a second amended complaint addressing the deficiencies noted herein. If he fails to do so, Counts

II and IV will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: November 29, 2018

                                                         John Michael Vazquez, U.S.D.J.